### No. 907

No. 19330—The State, ex rel John F. Nolan, v. Thad. H. Brown as State Supervisor of Elections. In Mandamus.

158. ELECTIONS—1. State supervisor of, not required to appoint deputy in compliance with the recommendation of political executive committee, unless such person is certified to qualify.

2. State supervisor must establish, by clear

(Continued on page 679)

## THE CUMULATED
### MONTHLY ADVANCE OHIO DIGEST
#### Of Cases Reported in the Ohio Law Abstract

# Advance
## Cumulative Ohio Abstract Digest
# For October, 1925
### DIGEST OF OPINIONS

**17. ACCORD AND SATISFACTION**

Creditor estopped to deny that check was accepted in full payment of disputed claim where check indorsed "in full payment to date," is accepted and deposited by creditor. Schwatzenberg v. Mayerson, U. S. App. 3 Abs. 656.

**27. ACTION**

1. Of taxpayer will lie to enjoin expenditures arising out of a referendum where the referendum proceedings are vitally defective.

2. Motive of taxpayer, if not of itself illegal, is not material if his cause of action is sufficient. Spahr v. Brown, Sec., OA. 3 Abs. 603.

**70. AMENDMENTS**

Where powers, duties and method of appointment under original park board is not changed by amendment; constitutional defect existing in the original act is not remedied in the amended one. Parks, In Re, Atty. Gen., 3 Abs. 624.

**111. ASSUMPTION OF RISK**

Whether or not widow is barred to a right of recovery by this doctrine, should be for determination by jury, providing case comes under such doctrine as contended. Buchman v. N. Y. Cent. R. R. Co., OA. 3 Abs. 621.

**126. BANKS AND BANKING**

1. Where pass book book is taken out in the names of two parties and it contains this entry: "Either may draw balance at death of either payable to survivor," does right of survivorship exist under statutes?

2. Would some other form of transfer be necessary to complete vesting of interest in survivor?

3. Is the issuance of a receipt for bank book by bank to one of two parties in whose names the account lies, indicative of a retention of dominion by that person over the account? Cleveland Tr. Co. v. Scobie, OS. Pend. 3 Abs. 610.

**127. BANKRUPTCY**

Court, under Bankruptcy Act, should enforce general orders relating to proceedure. Axle Co., v. Wells, U. S. App., 3 Abs. 609.

**144. BILL OF EXCEPTIONS**

Where in such chaotic state due to mistakes of stenographer, so that no conclusion as to facts, law or errors, assigned can be reached, the court may affirm judgment of lower court on ground that there is no bill. Higgins et. v. State, OA. 3 Abs. 607.

**147. BILLS AND NOTES**

Under 8121 GC. parol evidence is admissible to show that delivery of note was conditional and that it was not to become operative until the happening of a certain event. Noll v. Peck & Daley, OA. 3 Abs. 623.

In order to defeat right of holder under 8157 GC., necessary to charge that he took note with notice of breach of warranty. Bartholomew v. Comm. Invest. Tr. Co. OA. 3 Abs. 635.

1. Protection afforded to a holder in due course does not extend to a case where alleged holder is guilty of gross and inexcusable negligence.

2. Where bank is given note by payee thereof, as collateral security on loan from bank, and when it does not inform the maker of note that it holds against him, he thinking it to be lost, this is such gross and inexcusable negligence. First Tr. & Sav. Bk. v. Folino, OA. 3 Abs. 651.

**158. BOARD OF EDUCATION**

May enforce rules and regulations to secure vaccination of pupils and may exclude from school all children who have not been vaccinated; but cannot require a pupil against its will or the will of its parents to submit to actual vaccination. Vaccination, In Re, Atty. Gen., 3 Abs. 624.

**187. BUILDINGS**

Are provisions of Cincinnati Building Code mandatory or may Commissioner exercise discretion in issuing a permit on plans and specifications alleged not in compliance with such provisions? Pritz v. Messer et., OS. Pend. 3 Abs. 611.

**211. CAUSE OF ACTION**

Where indebtedness is directed against company without incorporating allegations that when money was paid by company to defendant there was such relationship existing between plaintiff and defendant to form the basis of a cause of action, a good cause of action is not stated. Rimer v. Grimm, OA. 3 Abs. 602.

Does a petition by property owner in an independent action, which questions the good faith of the village council passing a resolution to appropriate his real estate for street purposes, and denies the necessity of appropriation for such purposes, state facts sufficient to constitute a cause of action? Jones v. Maumee (Village). OS. Pend. 3 Abs. 645.

**225. CHARGE TO JURY**

Where a correct statement of the law is embodied in a special request, it is obligatory upon the court to give it and not discretionary, and even though the court correctly stated the law in the general charge in reference to subject matter of the special request, the defect is not cured and it is reversible error. N. Y. Chic. & St. L. Ry. v. Nucifer, OA. 3 Abs. 655.

**261. COMMON LAW.**

1. Marriage, enforceable when agreement of is made in praesenti and is followed by cohabitation as husband and wife.

2. When persons live together illicitly for many years, presumption is that such arrangement continued. Days v. Thompson. OA. 3 Abs. 634.

**280. DELINQUENCY**

When acting as judge of a juvenile court, a probate judge may not tax any costs against delinquent, dependant or neglected children, except the costs which ma ybe taxed against delinquent minors under 18 years of age by virtue of 1654 GC. Costs, In Re, Atty. Gen., 3 Abs. 625.

**297. CONTRACT**

Power to construe is exclusive province of court. Conday et. v. Stone et., OA. 3 Abs. 605.

**313. CORPORATIONS**

Where it gives note for extension of time within which to pay debt without guarantor's knowledge, they are not bound. Hoffmaster et. v. Junkin, U. S. App., 3 Abs. 608.

Where to become operative upon some future contingency, parol testimony is admissible to show that fact. Vetter v. Bauer, OA. 3 Abs. 622.

Test as to whether there was mutuality of obligation existing between parties is whether or not an action in damages could be maintained if contract was repudiated by either of them. Meier Grape Juice Co. v. Koehne et, OA. 3 Abs. 619.

## 313. CORPORATIONS.

Are officers or directors personally liable as partners, if foreign corporation does not comply with statutes provided for such corporations, and debts are contracted in the name of the corporation? Am. Soap. Co. v. Bogue. OS. Pend. 3 Abs. 647.

Fact that stockholders in a corporation own stocks in another, or that a corporation controls another, does not make one an agent or instrumentality of it. Hooper-Mankin Co. v. Matthew, U. S. App. 3 Abs. 641.

To be served by publication, affidavit must show that it has failed to elect officers, or to appoint an agent upon whom service of summons can be made, or that it has no place of doing business in the state. Morton v. Davezac et. OA. 3 Abs. 637.

## 327. COURTS

When affidavit of prejudice is filed against judges of Court of Appeals, may they order it stricken from files and proceed in the case without a hearing by the Chief Justice of the Supreme Court? Pritz v. Messer et., OS. Pend. 3 Abs. 611.

## 333. CRIMINAL LAW.

Person convicted of offense has right to be sentenced under law as it existed at commission and not as subsequently amended. Luff v. State, OS. 3 Abs. 660.

## 365. DEBTOR AND CREDITOR

Fact that grantee in conveyance from judgment debtor attempted to effect a compromise between debtor and judgment creditor, which failed, and said conveyance followed, standing alone, is neither conclusive or sufficient evidence of fraud. Parsons v. Miller, OA. 3 Abs. 653.

## 349. CY PRES

Does doctrine of, apply to benefit of American Legion when fund was originally created for benefit of soldiers and sailors in the service during the World War? Am. Legion et v. McKell et, OS. Pend. 3 Abs. 626.

## 355. DAMAGES

Should ruling in another state be followed by decree of Court of Appeals without modification of present Ohio rule by Supreme Court? Brady et v. Stafford, Rec. OS. Pend. 3 Abs. 547.

## 413. DIVORCE AND ALIMONY

Can court make a division of property upon final hearing and take property from one or the other party without first finding that one or the other has violated one of the ten grounds for divorce or one of the six grounds for alimony? Schaffer v. Schaffer, OS. Pend. 3 Abs. 626.

1. Where allegation is set forth in petition of party, and where no evidence as to alimony is brought up in trial, can it be awarded to her?

2. Can court enter judgment against future earnings of party to action? Rockey v. Rockey, OS. Pend. 3 Abs. 663.

## 415. DOMESTIC RELATIONS

Where real estate is conveyed to grantee who is nephew of person out of whose funds payment is made, test as to whether the relationship is that of "his own family" is whether uncle was obligated under law or otherwise to maintain or support his nephew, such as status of parent and child, etc. Waterworth v. Paisley, OA, 3 Abs. 618.

## 445. EASEMENTS

Mandatory injunction issued, when by language of conveyance driveway which was to be kept open and unobstructed, has been filled above what it was at time of purchase. Kochman v. Fought et, OA. 3 Abs. 652.

## 452. EMPLOYER AND EMPLOYE

Evidence should be offered, as to how long decedent would have worked in expectancy of twelve years, in order to calculate the amount earned per year. Union Gas & Elec. Co. v. Hollen, OA. 3 Abs. 528.

Is knowledge of employe imputed to employer? Brady et. v. Stafford. OS. Pend. 3 Abs. 547.

## 458. EMINENT DOMAIN

Statutes being of a remedial nature, must be given liberal construction so as to afford relief within power of courts which language of the act indicates the legislature intended to grant. Nieman et. v. Elmore Harris School Dist., OA. 3 Abs. 523.

## 460. EQUITY

Without jurisdiction to decree ouster of directors, shown to have been elected by minutes of annual meeting. Sachs et. v. Randolph Desk Co., OA. 3 Abs. 525.

## 465. ERROR

Is error committed if trial court permits an amendment to plaintiff's petition after verdict, not giving defendant an opportunity to meet such charge? Kronenberg v. Whale, OS. Pend. 3 Abs. 627.

Value of rental property, raised in error proceedings, immaterial when plaintiff-in-error is not prejudicially affected thereby. Huron Tel. Co. v. Deyo, OA. 3 Abs. 622.

## 475. ESTOPPEL

Where act of drawee on order misleads the payee, former should be estopped from denying status logically and plainly inferable from the obligations which it imposed upon itself by acceptance of the order and its promise to honor same. Spero Elect. Mfg. Co. v. Park Lane Realty Co., OA. 3 Abs. 604.

## 516. FEES.

Taxed for a mayor, marshal or chief of police in state cases not governed by 4213, 4219 and 4270 GC., but should be paid to such mayor, marshal or chief of police, respectively, for their own use. Fees, In Re. Atty. Gen. 3 Abs. 640.

## 531. FINES.

Not to be included with Probate Judge's fees, costs, percentages, penalties, allowances and other perquisites, in determining the minimum amount of his deputy hire. Deputy Hire, In Re. Atty Gen. 3 Abs. 640.

Prohibition against remission of, is valid exercise of legislative power, and does not invalidate the operative provisions of 6212-17 GC. Madjorous v. State, OS. 3 Abs. 660.

## 562 GAMING AND GAMBLING

What constitutes—Does element of chance in device bring it within 13066 GC.? State v. Krauss, OS. Pend. 3 Abs. 647.

## 630. INDUCEMENT.

By an agent, that property would be sold if certain commissions were paid him, that he would sell for a certain price, and that he already had a purchaser, relates to the future and comprises the power to control the action of future purchasers, and this control being an impossibility, such an inducement does not lie as a basis for recovery for a pretense of that nature. Offinitz v. Pullin. OA. 3 Abs. 634.

## 631. INDUSTRIAL COMMISSION.

Where Common Pleas Court has fixed attorney's fee on appeal from an order of Commission, and the case is taken to the higher courts where judgment is sustained, Common Pleas cannot re-open the case by granting additional attorney's fee for services rendered in higher courts. Ind. Comm. v. Purnhagen. OA. 3 Abs. 638.

## 647. INSURANCE

Where insured borrows money from company with which to pay premiums, company in accepting such payments does not waive any rights under its contract of insurance. Pomfrey v. Prudential Ins. Co., OA. 3 Abs. 620.

Whether companies can invest in certain land issues probably within Superintendent's discretion. Investments, In Re, Atty. Gen. 3 Abs. 625.

1. When statute provides that judgment creditor may have recourse against company to reach and apply the insurance money for satisfaction of his judgment, "insurance money" means such as is only recoverable on the policy by the insured.

When policy provides that insured is to notify company with written account of accident immediately thereafter, this is the essence of the policy and liability is assumed by the company only under such terms. Stacey v. Fid. .& Cas. Co., OA. 3 Abs. 652

1. Where policy gives insurer right to perform autopsy and where death is known to agent of company, demand for autopsy must be made before burial

2. Such requests should have been made of the widow beneficiary, and verbal demands of son before burial are not sufficient when he does not communicate such requests to widow. Gath v. Travel. Ins. Co., OS. 3 Abs. 659

**677. JUDGMENT.**

Cannot be reversed if finding on any one of the issues entitled defendant to a general judgment, and record is free from error on any one of these issues. Di Vithorio v. Neiding. OA. 3 Abs. 638.

**681. JURISDICTION**

Conferred on bankruptcy court to approve compromise made by trustee in controversy arising in the administration of bankrupt estate. Axle Co. v. Wells, U. S. App. 3 Abs. 609.

**683. JURY**

1. Not necessary to be sent to jury room by court, where verdict is amended and when court asks whether the verdict is that of each juror as amended, and is answered in affirmative by each.

2. By this action, substantial rights of party complaining are not prejudiced. Humphrey v. Cit. Bk. Co., OA. 3 Abs. 619.

**703. LANDLORD AND TENANT**

Authorities not in favor of restricting uses of tenant'; but favor such construction as will not limit proprietor to reasonable and proper use of his premises. Conday v. Stone, OA. 3 Abs. 605.

**715. LIBEL**

In action for, question as to whether publication is or is not libelous per se, is a question for the court. Peer V. Hoiles, OA. 3 Abs. 653.

**795. MUNICIPAL BONDS**

Where treasurer of city permits auditor to take checks of money in payment for bonds and gives his receipt therefor, acts of auditor in receiving said checks becomes acts of treasurer and if checks are worthless bondsman of treasurer is liable. New Amsterdam Cas. Co. v. Norwalk (City) et., OA. 3 Abs. 606.

**829. NEGLIGENCE**

Duty rests upon locomotive engineer to exercise ordinary care in keeping a lookout ahead, along tracks. Buchman v. N. Y. Cent. R. R. Co., OA. 3 Abs. 621.

Before case may be submitted to jury statement of counsel for plaintiff must tend to show that defendant owed decendent a duty which it failed to discharge, and this not being so, no actionable negligence is shown. Kucia v. Nat. Tube Co., OA. 3 Abs. 650.

**874. ORDINANCE**

Cannot have incorporated into it provision for taking away certificate to operate motor vehicle issued by the state; but owner of certificate may be prohibited from operating motor vehicle within city limits. Municipal Law, In Re. Atty. Gen. 3 Abs. 657.

**915. PERSONAL INJURIES**

If person injured was guest in automobile and he was free from negligence, recovery not dependable upon speed of machine directly prior to accident; but whether Railway Co. was guilty of negligence as charged. Cleve. Ry. Co. v. Blessing etc., OS. 3 Abs. 654.

**916. PETITION.**

For nomination of candidates must comply with 5001, 5002 and 5003 GC., or it will be rendered invalid. State ex v. Gabel. OS. 3 Abs. 643.

**923. PLEADINGS.**

The setting forth in a petition that because of failure of company to turn over money on mortgage, which had been recorded; that it constituted an incumbrance which prevented further financing, though not stating a cause of action is a surplusage of words and may be treated as allegations of special damages. Schultz v. Harvey. OA. 3 Abs. 636.

Though petition may have been attacked by motion, in light of the statute liberally construing it in pleador's favor, it contains a good cause of action. Hartsook v. Seitz. OA. 3 Abs. 636.

The statutory time of 70 days, for filing a petition in error, is computed from final entry of judgment and not from the overruling of a motion for a new trial. Bryant et v. Pratt et. OA. 3 Abs. 635.

**941. PRACTICE AND PROCEDURE**

1. Right of unsuccessful party to request conclusions of law and fact, exists in municipal as well as Common Pleas.

2. Request for, does not come too late if requested immediately after announcement of finding by court. Rose Bros. v. Star Employ. Bureau, Comm. Pleas, 3 Abs. 657.

**997. REAL ESTATE.**

When a real estate deal is placed in escrow and the instructions given the escrow agent are materially different than the intention of the parties as manifested by a written contract, can the court order a reversion to the preliminary negotiations, had before the parties entered into the written contract; and there, not finding clear and convincing evidence as to what was the intention of the parties, decree a superseding of the original written contract by the deed resulting from the escrow transaction? Niebes v. Silvestro. OS. Pend. 3 Abs. 644.

Where sold to foreclose tax lien under defective affidavit proceedings are void. Morton v. Davezac. OA. 3 Abs. 637.

**1002. RECEIVERS**

Common Pleas Court may forbid receivers from prosecuting proceeding in review. Riesenberger, Rec., v. Cosmopolitan Trust Co., OA. 3 Abs. 604.

**1010. REFERENDUM**

The 90 day provision within which to file supplementary petition is a jurisdictional limitation; and if not complied with, jurisdiction is lost and no action of the secretary of state can confer jurisdiction as against the limitation provided for in the constitution. Spahr v. Brown, Sec., OA. 3 Abs. 603.

**1040. REVOCATION**

Is hiring of solicitors such "grossly unprofessional conduct" as would warrant the revocation of a certificate to practice optometry by the State Board of Optometry? State ex v. Gray, OS. Pend. 3 Abs 661.

**1101. SPECIFIC PERFORMANCE**

Contracts which lack mutuality may not be specifically enforced as long as they are executory on both sides; when plaintiff has fully executed her obligations she may be entitled to specific performance. Meier Grape Juice Co. v. Koehne et, OA. 3 Abs. 619.

**1106. STATUTE OF FRAUDS**

Verbal agreement to terminate a lease by mutual consent followed by acquiescence, and the vacation ,of the premises, is not within statute of frauds. Blodgett-Beckley Co., v. Pub. Ser. Tire Co., OA. 3 Abs. 602.

**1140. SURETY**

Where principal on surety bond makes assignment to bank and subsequently defaults in performance of contract, is surety subrogated to such fund, to the extent of the work accomplished by reason of completing the contract? State ex. v. Schlesinger, OS. Pend, 3 Abs. 661.

**1156. TAX COMMISSION**

1. May force auditor of county to reappraise real estate in 1925, by mandamus, other than that belonging to public utilities, where re-appraisement has not been made in 1922, 1923, and 1924.

(Continued on last page) ·

PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday 50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ................................. .35

When cash is mailed to us in advance
20 per cent discount

THE LAW ABSTRACT COMPANY
Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.
Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

(Continued from page 675)
and convincing evidence, that party recommended is disqualified to hold office, otherwise he is bound to make the appointment.
KINKADE, J.:

1. The state supervisor of elections is not required to comply with the recommendation of a political executive committee for the appointment of a deputy state supervisor of elections, unless such recommendation certifies that the person so named is a qualified elector of the county, and further, that he is qualified in all other respects to fill the office.

2. The truth of any statement in such recommendation may be judicially determined in court at the instance of either the state supervisor of elections or of the committee making the recommendation.

3. Unless the state supervisor of elections establishes in court, by clear and convincing evidence, that the party recommended by the committee is disqualified to hold the office, it is his duty to make the appointment recommended by the committee.

Motion overruled.